YATES, Judge.
This case involves the termination of parental rights of the mother as to three minor children; of the father of two of those children; and of the “legal” father (the mother’s current husband), as well as an alleged father, as to the third child. The Calhoun County Department of Human Resources (“DHR”) on June 6,1995, petitioned the juvenile court, for permanent custody of the three children; the two older children had been in the temporary custody of DHR since February 1992 and the younger child since December 1993. DHR alleged that it had made reasonable efforts to rehabilitate the mother; that those efforts had failed; that the mother had not maintained consistent contact or communication with DHR; that she had failed to establish a safe and stable environment for herself and the children; and that the three men had failed to make any reasonable efforts leading to the return of the children and appeared unwilling to do so.
*360 Following ore tenus proceedings, the court, on December 5, 1995, terminated the parental rights of the mother and the three men as to the three children, finding that the children were “neglected” or “dependent” within the meaning of § 12-15-1, Ala. Code 1975; that there were no viable alternatives to the termination; and that the children were “in need of and entitled to the care and protection of the State.” Only the mother appealed. She argues that DHR failed to meet its burden of proving by clear and convincing evidence that there were no viable alternatives to terminating her parental rights.
When a trial court hears disputed ore tenus evidence, its judgment based on that evidence will not be set aside unless it is so contrary to the evidence as to be plainly and palpably wrong. Fortenberry v. Alabama Dep’t of Pensions & Security, 479 So.2d 54 (Ala.Civ.App.1985). This court has consistently recognized a parent’s prima facie right to the care and custody of his or her child and that the termination of parental rights must be in the child’s best interest. See Daniels v. State Dep’t of Human Resources, 530 So.2d 841 (Ala.Civ.App.1988), and AN.S. v. K.C., 628 So.2d 734 (Ala.Civ.App.1993).
After carefully reviewing the evidence, we are persuaded that termination is in the best interests of these three minor children.
Our primary focus in reviewing a termination of parental rights is to protect both the child and the parent. Ex parte Beasley, 564 So.2d 950, 952 (Ala.1990). In Beasley, our supreme court applied a two-pronged test to determine whether the trial court had been presented clear and convincing evidence to support a termination of parental rights:
“Mindful of the serious nature of terminating parental rights, this Court and the Court of Civil Appeals have stated that before a court can terminate an individual’s parental rights it must apply a two-prong test. First, the court must make a ‘finding of dependency.’ Second, after it has determined that the child is ‘dependent,’ the court must inquire as to whether ‘all viable alternatives to termination have been considered.’ ”
Id., at 952 (citations omitted).
DHR first became involved with the mother in 1987 when, at age 15, she alleged that her father had raped and impregnated her. The father pleaded guilty to rape; however, subsequent blood tests performed in 1993 proved that the child born as a supposed result of the rape, as well as her second-bom child, had been fathered by her brother. In February 1992, DHR obtained temporary custody of these two children, who are both mentally and physically handicapped, after receiving a report that the mother’s sister was pregnant by the same brother that had fathered this appellant’s first two children. The maternal grandmother was accepted as a foster care parent; however, DHR terminated this placement after continued concerns arose regarding the medical needs and general welfare of the children.
DHR social worker Cynthia Perry testified that, because of the mother’s limited mental ability, DHR “did not set many goals for her.” In a May 1994 service plan agreement, DHR required the mother to establish her own residence and to inform DHR of her progress toward meeting that goal. When asked what had occurred to prompt the termination petition, Perry stated that the mother had not “followed through with any plans of the Department” and primarily, that there had been a lack of contact, that she had not maintained regular visits with the children, and that she had missed one to three scheduled visits. In addition, Perry testified that, although a relative had expressed interest in caring for the youngest child, DHR had determined that that relative’s home was “unsafe,” based on previous contact DHR had had with that relative.
The mother gave conflicting testimony regarding her attempts to be reunited with her children, and her credibility is questionable. The mother had lost her job at a fast-food restaurant two days before the termination hearing; however, at the hearing she testified that she was employed and she answered questions concerning the hours she worked and her hourly wage. It was only during the *361 maternal grandmother’s testimony that the court learned that the mother had, in fact, lost her job. Additionally, the mother stated that she was currently living with a male “roommate” in his two-bedroom mobile home. She further stated that this was not her boyfriend and that they slept in separate rooms. When asked if there was sufficient room for her children there, she answered that she and her “roommate” were planning to move to a four-bedroom home that he owns. The maternal grandmother testified that she thought the couple planned on getting married and that they were currently living together as man and wife. Clearly, the mother’s situation was unsuitable for returning the children to her; therefore, the mother herself did not offer a viable alternative. See S.V. v. State Dep’t of Human Resources, 656 So.2d 816 (Ala.Civ.App.1994).
The court had before it ore tenus evidence, a detailed written report prepared by DHR that provided the case history from 1987 through 1995, and the recommendation of the guardian ad litem. We accept the trial court’s determination that DHR has carried its burden of proving the mother’s inability to provide a safe and stable environment for her three children, and we conclude that the evidence showed there were no viable alternatives to the termination of the mother’s parental rights.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.